

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ANITA M. WELSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 04 C 4243 |
| v. | ) | |
| | ) | Judge Wayne Anderson |
| R.W. BRADFORD TRANSPORTATION, | ) | |
| and DANIEL E. O'BRIEN, individually and | ) | Magistrate Judge Jeffrey Cole |
| as Agent and/or Employee of R.W. | ) | |
| BRADFORD TRANSPORTATION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The defendants have moved to strike as untimely Ms. Welsh's changes to her March 14, 2005

deposition transcript. The Motion to Strike is based on Rule 30(e), Federal Rules of Civil Procedure,

which provides:

> If requested by the deponent or a party before completion of the deposition, the deponent
> shall have 30 days after being notified by the officer that the transcript or recording is
> available in which to review the transcript or recording and, if there are changes in form or
> substance, to sign a statement reciting such changes and the reasons given by the deponent
> for making them. The officer shall indicate in the certificate prescribed by subdivision (f)(1)
> whether any review was requested and, if so, shall append any changes made by the
> deponent during the period allowed.

The Federal Rules of Civil Procedure, which have the force of statutes, *Zapata Hermanos*

*Sucesores, S.A. v. Hearthside Baking Co., Inc.*, 313 F.3d 385, 392 (7th Cir. 2002)(Posner, J.), are to

be accorded "their plain meaning. . . and generally with them, as with a statute, '[w]hen we find the terms.

. . unambiguous, judicial inquiry is complete. . . .'" *Pavelic & LeFlore v. Marvel Entertainment Group*,

493 U.S. 120, 123 (1989). At least part of Rule 30 could not be more straightforward: a deponent has

*30 days* after notification by the court reporter to review the deposition transcript *and* to sign a statement setting forth any changes and the reasons for those changes. Perhaps because of its clarity, the 30-day requirement has not engendered much dispute. The instant case, however, raises three issues under the Rule that have not received substantial judicial construction. First, does the 30-day clock begin to run on notification to a deponent's lawyer – rather than to the deponent himself; second, does the preparation of an errata sheet within 30 days of the notification satisfy the 30-day rule where the actual certification occurs more than 30 days from the notification; and third, must a deponent's changes actually be transmitted to the court reporter within the 30-day period, or is it enough that the changes themselves are made within the specified period, regardless of when they are submitted to the reporter.

Set forth below are the dates of the relevant events in this case:

| | |
|---|---|
| March 14, 2005 | Deposition of Plaintiff |
| April 4, 2005 | Transcript and errata sheets sent to plaintiff's counsel |
| April 6, 2005 | Transcript and errata sheets sent to plaintiff by her counsel |
| April 7, 2005 | Plaintiff received transcript and errata sheets |
| May 7, 2005 | Errata sheets purportedly completed by plaintiff |
| May 8, 2005 | Plaintiff faxed to her attorney corrections with note indicating she would mail the originals on May 9, 2005 |
| May 11, 2005 | Plaintiff signs page 226 of the deposition certifying under oath that she has read the deposition with her changes |
| June 8, 2005 | Errata sheets received by court reporter |

If notice to a deponent's lawyer is notice to a deponent, then the 30-day clock began to run on April 4, 2005 and would stop on May 4, 2005. But Ms. Welsh, relying on a hyper-literal reading of the word, "deponent" and citing no cases to support her arguments, insists that notification to her lawyer is not enough to begin the running of the 30-day period since the Rule requires notification to the deponent. Thus, she says that the clock did not begin to run until *she* received the deposition from her lawyer on April 7,

2005, and that she had until May 7th to make her changes to the deposition transcript. The unsupported argument rests on the tacit assumption that the drafters of Rule 30(e), in requiring notification to the "deponent," intended to abrogate the basic principle of agency, that notification to one's lawyer is notification to the client. But nothing in the text or the history of Rule 30(e) supports such a conclusion.

In construing statutes, it is presumed that Congress enacts legislation with knowledge of the law and the interpretation courts have given to a particular statute and to related statutes. *Faragher v. City of Boca Raton*, 524 U.S. 775, 792 (1999); *Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991). The principle and its various corollaries apply equally to the interpretation of the Federal Rules of Civil Procedure. For example, in *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962), the Court said that since a district court's authority to dismiss *sua sponte* for lack of prosecution was a "sanction of wide usage," it would not be assumed, in the absence of a clear expression that Rule 41(b), Federal Rules of Civil Procedure abrogated this "long. . . unquestioned" power. *See also Carlisle v. United States*, 517 U.S. 416 (1996).

Similarly, it cannot be assumed in the absence of a clear and contrary expression by the drafters of Rule 30(e) that in requiring notification to a "deponent," they intended to abrogate the unquestioned principle that has obtained from the beginning of the Republic that notification to one's lawyer or other agent acting within the scope of the agency constitutes notification to the client. *See In re Distilled Spirits*, 78 U.S. 356, 367 (1870); *American Surety Co. of New York v. Pauly*, 170 U.S. 133, 154 (1898); *Reed v. Munn*, 148 F. 737, 754-55 (8th Cir. 1906); Story, Agency §140 (1863). The principle has lost none of its vitality. *See, e.g., Frey v. Fraser Yachts*, 29 F.3d 1153, 1158 (7th Cir. 1994); *Peterson v. Sealed Air Corp.*, 902 F.2d 1232, 1236 (7th Cir. 1990); Restatement (2d) of Agency §9(3) (1958) ("A person

3

has notice of a fact if his agent has knowledge of the fact, reason to know it or should know it or has been given a notification of it, under circumstances coming within the rules applying to the liability of a principal because of notice to his agent.").

Ms. Welsh's argument confuses who is to be notified with what constitutes notification. Rule 30(e) requires notification to a deponent. It does not pretend to concern itself with the methods by which that notification can be effectuated. It would be extraordinary indeed, if the drafters of Rule 30(e) had intended to eliminate what is the most common method of notification in a litigation context, namely notification to a party's lawyer. The Seventh Circuit confronted a problem analytically similar to the one presented here in *Reschny v. Elk Grove Plating Co.*, __ F.3d ___ (7th Cir. 2005)(Slip.op. no. 04-1979, August 5, 2005). Title VII provides that the EEOC shall notify the person aggrieved of the right to sue and that within 90 days after giving of such notice a civil action may be brought. The court reaffirmed its earlier decision in *Jones v. Madison Serv. Corp.*, 744 F.2d 1309 (7th Cir. 1984), that two types of receipt of a notice can start the 90 day limitation period, actual receipt by the plaintiff and actual receipt by the plaintiff's attorney. *Jones* recognized that notification to a prospective plaintiff's attorney helps to eliminate the risk that an untutored claimant could remain in ignorance of his rights until the time to sue had passed. This danger is not present when the recipient of the 90-day notice is the claimant's attorney. The same considerations exist under Rule 30(e).

There is absolutely nothing in the text or the history of the Rule that suggests that the drafters intended to jettison the principle of constructive notice in favor of a requirement that would exacerbate the problem that prompted the drafters to impose the requirement that changes to depositions be made within 30 days. The 30-day limitation was added to Rule 30(e) to eliminate difficulties court reporters had in

4

obtaining signatures and the return of depositions from deponents in a timely way. *See* 7 Moore's Federal Practice, §30 App.09[1] at 30 App.28 (3d ed. 2004). Eliminating as a permissible means of notification to the deponent, notification to the deponent's lawyer would undermine the goal sought to be achieved by the amendment to the Rule. Deponents are seldom lawyers and thus are generally unfamiliar with the requirements of rules of procedure and the consequences of non-compliance with those rules. Where the deponent is a party, changes to depositions inevitably entail consultation with counsel. Thus, there is absolutely nothing to be gained, and much to be lost, by construing Rule 30(e) to require direct notification to a deponent.

Ms. Welsh's unsupported construction of Rule 30(e) is also inconsistent with the overall scheme of the Federal Rules of Civil Procedure.[1] For example, Rule 5(b) provides that service and filing of pleadings and other papers *shall* be made upon an attorney for a represented party, unless otherwise ordered by the court. It would be odd indeed for the drafters to have mandated service upon attorneys in Rule 5, while excluding the possibility of attorney notification in Rule 30(e). The drafters used the term "deponent" not as a means of limiting notification – a result at odds with the desideratum of the 30-day rule – but rather in recognition of the reality that not all deponents are represented by counsel.

Even if one were to conclude that the 30-day clock did not begin to tick until April 7th when Ms. Welsh received the deposition and errata sheets from her lawyer, her changes were still untimely. Thirty

---

[1] Ms. Welsh's argument consists of the following *ipse dixit:* "Rule 30(e) never even states the words 'counsel' or 'attorney.' Moreover, counsel for the defendant cannot sight [sic] to one case that even remotely suggests such a reading for Rule 30(e). Since it is the deponent, not the attorney, who is making the corrections, it is only fair and judicially proper that the deponent have 30 days from the time she actually received her transcript." (Response at 2).

days from April 7th is May 7th. By that date, Ms. Welsh had to make the changes and submit them to the court reporter. It was not enough for her to fill out an errata sheet and date it at the bottom as she claimed she did on May 7th. First, until the actual certification on page 226 of the transcript was executed, notarized, and returned to the court reporter, the changes were obviously preliminary, and could have been withdrawn or modified. Phrased differently, until that time, the "changes" envisioned by the Rule existed only in the contemplation of Ms. Welsh and the defendants necessarily remained unaware of them, and the potential for surprise and abuse that the 30-day rule was designed to eliminate persisted.

Not surprisingly, the few courts that have considered the issue have held that the changes must be submitted to the court reporter within the prescribed period. *See Rios v. Bigler*, 67 F.3d 1543, 1553 (10th Cir. 1995)(beyond being unable to determine whether review of the deposition was requested in accordance with Rule 30(e), "the record is unclear whether [the deponent] *submitted* his changes to his deposition within 30 days after being notified that the transcript was available for review.")(Emphasis supplied); *Havey v. Tenneco, Inc.*, 2000 WL 198445 at *1 (N.D.Ill. Feb. 11, 2000)("The 30-day time limit is measured by submission to the court reporter."). *Cf. Workmen v. Chinchinian*, 807 F.Supp. 634, 644 (E.D.Wa. 1992).

It was not until May 8, 2005 – 31 days after she received the materials from her lawyer – that Ms. Welsh faxed to her attorney copies of her contemplated changes. Of course, they continued to be subject to modification; no one knew about them except Ms. Welsh and her counsel. On May 8, Ms. Welsh wrote a letter to her counsel enclosing "all the papers that we discussed," and apologizing for their lateness: "Sorry I'm late. . . ." (Plaintiff's Response, Exh. D). In any event, three more days passed until Ms. Welsh, on May 11th, finally executed the certification under oath that she had read the deposition and was

6

certifying the errata sheets as actually containing the changes. But by then, 34 days had passed from the date of her receipt from her attorney of the deposition transcript and errata sheets, and 35 days had passed since her attorney had been notified by the court reporter. Even at this stage, until the errata sheet and certification were actually submitted to the court reporter, the changes continued to be tentative, and the defendants remained unsure of where things stood. Inexplicably, it was not until June 8, 2005 that the certification and errata pages were submitted to the court reporter. By now another 32 days had passed from May 7, the date on which Ms. Welsh says she filled out the errata sheets.

This chronology forcefully demonstrates why the 30-day Rule must be calculated from the date of notification to a deponent's lawyer – if there is one – and the date of submission to the court reporter. If Ms. Welsh's unsupported and unamplified argument is right, the 30-day rule effectively vanishes. All that is required is that some change be noted on an errata sheet within 30 days after personal receipt of the deposition transcript. It does not matter how long prior to that date one's lawyer may have held the documents after notification or how long thereafter the deponent dallies before submitting the materials to the court reporter. In the instant case, 62 days, not the allowable 30 days, passed before the defendants had any inkling of what Ms. Welsh's position was regarding the accuracy of the transcript and her own answers. Under Ms. Welsh's interpretation, she could have taken an additional 62 days, or even 162 days after filling out the errata sheets on May 7 before she submitted her changes to the court reporter and still have been compliant with the 30-day prescription of Rule 30(e).

The construction contended for by Ms. Welsh runs afoul of the fundamental canon that statutes must be construed with due regard to the consequences of the construction given them and that absurd and hyper-literal constructions are to be avoided. *Green v. Bock Laundry Machine Co.*, 490 U.S. 504, 527

7

(1989)(Scalia, J., concurring); *Public Citizen v. United States Department of Justice*, 491 U.S. 440, 453-56 (1989). That Rule is not limited to garbled language. Even a "'perfectly straightforward, flawlessly grammatical, syntactically impeccable prose specimen' [is] subject to it." *Central States Southeast & Southwest Area Pension Fund v. Lady Baltimore Foods, Inc.*, 960 F.2d 1339, 1345 (7th Cir. 1992)(Posner, J.). Acceptance of the plaintiff's construction of Rule 30(e) would lead to incongruous results and would empower deponents and their lawyers, if they were so inclined, to dictate the timetable for making changes to deposition testimony, unhampered for all practical purposes by the 30-day rule. The result would be a continuation of the very regime of unpredictability that the drafters of the Rule sought to end. No principle of construction can countenance such a result.

The defendants' motion to strike the errata sheet to plaintiff's deposition is granted.

DATE: 8/16/05

_____

UNITED STATES MAGISTRATE JUDGE